IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | * | |
| Wesley S. Bessix, | * | |
| | * | **Chapter 13** |
| | * | |
| Debtor(s), | * | Case No. 18-11923-BLS |
| | * | |

### 1st MOTION TO MODIFY PLAN

**COMES NOW,** Debtor, **Wesley Bessix,** (hereinafter "Debtor") by and through the undersigned counsel, Stephan J. Holfeld, Esquire, and requests this Honorable Court to permit the modification of the Chapter 13 Plan pursuant to 11 U.S.C. Section 1329 based on the following:

1. The Debtor filed their Chapter 13 Plan on August 22nd, 2018.

2. The Debtor filed a 1st Amended Chapter 13 Plan on December 13th, 2018.

3. The Debtor filed a 2nd Amended Chapter 13 Plan on December 19th, 2018.

4. The Debtor filed a 3rd Amended Chapter 13 Plan on February 5th, 2019.

5. The Debtor filed a 4th Amended Chapter 13 Plan on May 1st, 2019.

6. The Debtor filed a 5th Amended Chapter 13 Plan on July 9th, 2019.

7. The Debtors Chapter 13 Plan was confirmed on July 29th, 2019.

8. The Debtor is filing a 1st Modified Chapter 13 Plan due to the Moratorium on Chapter 13 Plan payments for April, May & June 2020 that was ordered on May 13th, 2020. This Moratorium was needed due to the debtor's employment being affected by the COVID-19 pandemic.

9. The Debtor has proposed this 1st Modified Chapter 13 Plan in good faith.

**WHEREFORE,** the Debtor requests that he be permitted to modify the Chapter 13 Plan.

Respectfully submitted,

**STEPHAN J. HOLFELD, ESQ.**

Dated: **6/22/2020**

/s/ Stephan J. Holfeld
Stephan J. Holfeld, Esquire
107 S. Main Street
Camden, DE  19934
(302) 674-5757 (Telephone)
Attorney for Debtor(s)

Revised Form 103 (2017)

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | ) | |
|     Wesley S. Bessix, | ) | Case No. 18-11923-BLS |
| | ) | |
| | ) | Chapter 13 |
| Debtors(s) | ) | |

**1st MODIFIED CHAPTER 13 PLAN**

**I. NOTICE**

NOTICE TO CREDITORS THAT THIS PLAN AND ALL OF ITS PROVISIONS ARE SUBJECT TO DEL. BANKR. L.R. 3023-1 AND YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. IF YOU OPPOSE THE PLAN'S TREATMENT OF YOUR CLAIM OR ANY PLAN PROVISION YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST 7 DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING. THE BANKRUPTCY COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION IS FILED. SEE BANKRUPTCY RULE 3015. YOU SHOULD NOTE THE FOLLOWING (boxes must be checked by debtor(s) if applicable):

(A) The plan seeks to limit the amount of a secured claim, as set out in III.2, which may result in partial payment or no payment at all to the secured creditor
(B) The plan will seek avoidance of a lien or security interest
(C) The plan contains nonstandard provisions in paragraph VI

**II. Plan payments and Length of Plan:** The future earnings of the debtor are submitted to the supervision and control of the Court and the Debtor's employer or the Debtor shall pay to the trustee the sum of **$1,204.00**(monthly) beginning with the **JULY 2020** payment and continue for the remaining **43 months** of the 60 month plan.

**III. Plan Distribution:** From the payment received, after deduction of allowed Trustee's commission, the Trustee shall make disbursements as follows:

**1. Priority Claims:**
Full Payment in the deferred cash payments of all claims entitled to priority under 11 U.S.C. §507.

☑ (A) Debtor's Counsel Fees: **$2,860.00**
☑ (B) Priority Taxes:
- **IRS shall be paid $13,261.70 for the 2013 tax debt.**
- **IRS shall be paid $1,650.41 for the 2014 tax debt.**
- **IRS shall be paid $11,720.06 for the 2015 tax debt.**
- **IRS shall be paid $11,541.64.00 for the 2016 tax debt.**
- **State of Delaware shall be paid $2,320.00 for the 2016 tax debt.**
- **State of Delaware shall be paid $3,300.00 for the 2017 tax debt.**
☐ (C) Domestic Support Obligations: **N/A**
☐ (D) Other Priority or Administrative Expenses: **N/A**

Page **2** of **5**

Revised Form 103 (2017)

**2. Secured Claims:** (boxes must be checked)
☑ Pro rata with or
☐ Subsequent to dividends to priority creditors, holders of allowed secured claims shall
retain the securing such claims and shall be paid as follows:

☑ (A)(1) Long term or mortgage debt – PRE-PETITION ARREAGES ONLY, to be paid to **Home Point Financial**, **$13,729.88** (total amount of pre-petition arrears for the real property located at *504 Ashland Ave., Camden, Delaware 19934*).
☑ Debtor shall continue to make regular post-petition payments directly to **Home Point Financial**.

*This Section of the Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in the Del. Bankr. L.R. 3023-1(b) and the parties shall be governed.*

☐ (B) Secured Vehicle debt (cramdown) – Pro-rata payments to **N/A** in the amount of **$0.00** for payment in full of the value of property or in equal monthly payments of **$0.00** per month for the **N/A**. Total payments will be **$0.00.**

☐ (C) Secured Vehicle debt (910 car claim) – Pro-rata payments to _____ in the full amount of the vehicle claim or in equal monthly payments of $0.00 per month for the _____. Total payments will be $0.00.

☐ (D) Other Secured debt: N/A

**3. Surrender of Collateral and Co-Debtor Relief:**
☑ (A) Debtor surrenders secured collateral to;
**1. Ally for the 2011 Nissan Pathfinder.**
**2. Suntrust for the 2013 Dodge Ram 1500.00**
Debtor(s) abandons such property and agrees that the Automatic Stay under 11 U.S.C. §362 is terminated as to the property and any interest in the property effective immediately on confirmation of this Plan. Claims, if any submitted by such creditor may receive a distribution under the Plan if such claims reflect an applicable deficiency balance remaining following surrender.

☐ (B) Co-Debtor relief under 11 U.S.C. §1301 is granted effectively immediately upon confirmation of this Plan as to surrendered property.

**4. Unsecured Claims:**
Subsequent to dividends to priority and secured creditors, dividends to allow non-prority general unsecured creditors shall be distributed as follows:

General unsecured creditors will be paid ☐ a dividend of 100% of their allowed claim
or ☑ a pro rata dividend of:
☐ 1. _____ BIOC or
☐ 2. _____ Disp. Income x 60 months as calculated under §1325(b),
or
☑ 3. A pro-rata dividend from the base plan, if any.

Revised Form 103 (2017)

**IV. Leases or Executory Contracts:** (if applicable) The following leases or executory contracts of the debtor will be treated as follows: **N/A**

**V. Vesting of Property:** Title to Debtor's property shall revest in the Debtor on confirmation of the Plan, except for undistributed plan payments held by the Trustee. Unless otherwise ordered, upon conversion of this case to Chapter 7 all undistributed plan payments received from a debtor's post-petition wages shall be refunded to the debtor(s). Upon dismissal, unless otherwise ordered, the Trustee is authorized to disburse undistributed plan payments to allowed claimants in accordance with this Plan.

**VI. Nonstandard Provisions:** Any other nonstandard provision placed elsewhere in this plan is void.

**VII. Filing Proof of Claim Required:** A proof of claim must be filed in order to share in distributions under the plan. A proof of claim filed either electronically or as paper. To file an electronic, go to the website www.deb.uscourts.gov and click on "File a Claim" and follow the instructions. Once the necessary information is entered the form will be automatically generated. To obtain a claim form to file a paper claim, go to the website www.uscourts.gov and click on "Services and Forms", then click on "Bankruptcy Forms", then select "B410-Proof of Claim". Completed paper claims should be delivered or mailed to United States Bankruptcy Court, Attn: Claims, 824 Market Street, 3rd Floor, Wilmington, DE 19801.

| | |
|---|---|
| _/s/Wessley S. Bessix_ | _6/22/2020_ |
| **Debtor's Signature** | **Date** |

**The undersigned certifies that this plan contains no nonstandard provision other than as set forth in paragraph VI above.**

| | |
|---|---|
| _/s/Stephan J. Holfeld_ | _6/22/2020_ |
| **Attorney for Debtor(s)** | **Date** |

Page **4** of **5**

**1st Modified**
**PLAN ANALYSIS**

Debtor(s):    Wesley S. Bessix                                    Chapter 13
                                                                  Case No. 18-11923-BLS

Prior:  NONE

Estimated Length of Chapter 13 Plan:    **60 months**

---

**Trustee Use**

Sec. 341 Meeting Date:
Continued:
Confirmed Date:

---

**TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES**

| | |
|---|---|
| **(A) TOTAL PRIORITY CLAIMS (Class One)** | |
| 1. Unpaid Attorney Fees | $      0.00 |
| 2. Taxes | $15,719.06 |
| 3. Domestic Support Obligations | $      0.00 |
| 4. Other | $      0.00 |
| **(B) TOTAL OF PAYMENTS** CURE DEFAULTS (Class Two) | $ 7,661.00 |
| **(C) TOTAL OF PAYMENTS** SECURED DEFAULTS (Class Three) | $      0.00 |
| **(D) TOTAL OF PAYMENTS** -  UNSECURED CLAIMS (Class Four) | Pro-rata |
| **(E) SUB-TOTAL** | $46,594.80 |
| **(F) TOTAL TRUSTEE'S COMPENSATION** (10% of payment) | $ 5,177.20 |
| **(G) TOTAL DEBT & ADMINISTRATIVE EXPENSES** | $51,772.00 |

## ATTORNEY'S CERTIFICATE OF SERVICE

I, Stephan J. Holfeld, Attorney for Debtor of the within estate, do hereby certify that on this 22nd day of **June 2020,** I caused one copy of the within **Motion to Modify Chapter 13 Plan** to be served by United States Mail, Postage Prepaid, to the following:

**Michael B. Joseph, Trustee**
824 Market Street, #715
P.O. Box 1350
Wilmington, DE  19899

**Wesley S. Bessix**
504 Ashland Ave.
Camden, DE  19934

**\* All Creditors on Matrix**

　　　　　　　　　　　　　　　　　　　　*/s/ Stephan J. Holfeld*
　　　　　　　　　　　　　　　　　　　　**STEPHAN J. HOLFELD, ESQUIRE**
　　　　　　　　　　　　　　　　　　　　107 South Main Street
　　　　　　　　　　　　　　　　　　　　Camden, DE  19934
　　　　　　　　　　　　　　　　　　　　(302) 674-5757
　　　　　　　　　　　　　　　　　　　　**Attorney for Debtor**